UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JOEL SIGALA, | ) No. CV 14-06765-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") erred in the

          assessment of Plaintiff's manipulative limitations;

2.    Whether the ALJ erred in the credibility findings; and

3.    Whether the ALJ erred in finding that Plaintiff had the ability to perform his past work.

(JS at 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

**I**

**THE ALJ ERRED IN HER ASSESSMENT OF PLAINTIFF'S**

**MANIPULATIVE LIMITATIONS CONCERNING HIS RIGHT UPPER EXTREMITY**

This case is back before the Court almost three years after a very comprehensive Order re: Joint Stipulation was issued by the prior then Magistrate Judge to whom the parties had consented. (See AR at 498-507.) Judge Olguin's Order resulted in another hearing held before an ALJ on August 21, 2013 (AR 448-473), at which Plaintiff was represented by the same counsel who now represents him, and testimony was also taken from a Vocational Expert ("VE"), and Dr. Beezy, the ALJ's Medical Expert ("ME").

Following this hearing, the ALJ issued another unfavorable Decision on October 9, 2013 (AR 364-376), which is the subject of this current litigation.

To briefly review some of the pertinent issues in this case, and the important procedural history, one must start with Judge Olguin's Order, which made very specific findings as to what must occur on

remand. (See AR at 506-507.) They are worth restating. They include the following:

> "First, the ALJ shall either credit Dr. Huang's opinion or provide adequate reasons under the appropriate legal standard for rejecting any portion of his opinion. See Lester, 81 F.3d at 830. Second, with respect to Issue No. 3 (see Joint Stip. at 12-18), the ALJ shall reconsider plaintiff's testimony in light of the re-evaluation of Dr. Huang's opinion and either credit plaintiff's testimony or provide clear and convincing reasons for rejecting it. See Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003)(Where there is no evidence of malingering, the ALJ can reject plaintiff's testimony on by 'expressing clear and convincing reasons for doing so.')."

(AR 506.)

The evidence before Judge Olguin concerning Plaintiff's upper right extremity manipulative limitations included an examination by orthopedic examiner Dr. Huang, who opined, in part, that Plaintiff "will have difficulty using his right hand for gross and fine manipulation due to [his] recent hand injury." (AR 261, citing July 29, 2007 report of Dr. Huang.) Judge Olguin held that the prior ALJ had improperly rejected Dr. Huang's assessed restrictions as to Plaintiff's use of the upper right extremity for fine manipulation.

Judge Olguin also found that Plaintiff's manipulative limitations as to his right hand persisted for more than 12 months. (AR 505.) Despite this, in the current unfavorable Decision, the ALJ rejected these limitations in part because Dr. Huang had performed his

3

examination just three weeks after Plaintiff's right hand injury. (AR 371.) This reasoning, however, ignores Judge Olguin's analysis that the injury and the limitations assessed by Dr. Huang were relevant and lasted more than 12 months, in part based on a report of Dr. Young, to whom Plaintiff had been referred for a hand surgery consultation in November 2010. (AR 348, 505.)

As noted, at the supplemental hearing before ALJ Lewald on August 31, 2013, testimony was taken from an impartial ME, Dr. Beezy, who rendered an opinion that Plaintiff was limited to "occasional" use of the right hand for "fingering and handling," limitations which related back to the July 2007 injury. (AR 458.) This testimony was provided in answer to a question posed by the ALJ, who declined to follow up with any additional questions. (AR 458.) In the ensuing unfavorable Decision, despite purporting to give Dr. Beezy's assessment "significant weight because it is generally consistent with the record," Dr. Beezy's functional limitations as to Plaintiff's right upper extremity were rejected as "overstated." (AR 373.)

The first reason provided by the ALJ was exactly the reason rejected by Judge Olguin, which was that Plaintiff had had no treatment for the right fifth finger after it was braced during the acute phase of injury. (Id.)

Other reasons set forth by the ALJ include that Plaintiff "engaged in a breadth of daily activity." (AR 373.) These activities are described, but the Court completely fails to understand how Plaintiff's apparent ability to "run errands such as go to the grocery store and Post Office," or "stand for two hours, sit for one and a half hours, drive, and do light household chores" constitute a sufficient contradiction of consistent medical diagnoses which limit

4

Plaintiff's right upper extremity functional ability. (See AR at 373.) This is also the more troubling in that the ME was called as the ALJ's witness; yet, instead of questioning the ME as to other medical records which might have depreciated the functional limitations which were assessed, she failed to follow up with any questions that asked the ME to explain how these records might have impacted his conclusions. The ME did testify that he reviewed all the medical records, including an examination by Dr. Roth in November 2010 (AR 600-602), which the Commissioner argues supports the ALJ's disregard of Dr. Beezy's conclusions.

Finally, the ALJ's citation to Plaintiff returning to work in August 2011, performing a job that entailed keyboarding and fingering, does not constitute an adequate analysis of the requirements of that job with regard to its consistency with the ALJ's determination that Plaintiff can handle and finger with the right upper extremity frequently. Indeed, that analysis in the latest unfavorable Decision completely ignores Plaintiff's testimony that while he did perform some work that involved fingering, he continued to have problems with typing and small fingering and effectively had to stop working in June 2012. (AR 372-373.)

For the foregoing reasons, the Court determines that the ALJ committed error on remand, compounded by essentially performing an implicit overruling of Judge Olguin's specific directions in his Order.

Based upon the fact that this ALJ apparently determined to ignore Judge Olguin's direction, this Court has enough doubt about this ALJ's ability to discharge her obligations consistent with the judgment of a Court that it must direct the Appeals Council to reassign this

5

matter to a new ALJ on remand.

The Court will not dwell at length on the remaining issues, but will address them sufficiently to provide some direction on remand. In this regard, the ALJ on remand rejected Plaintiff's allegations as to his subjective symptoms and functional limitations, as set forth in his testimony, discussed above. On remand, and especially in view of the Court's determination as to the objective evidence as to Plaintiff's functional limitations concerning his right upper extremity, Plaintiff's credibility as to these subjective symptoms will be reevaluated accordingly.

For the foregoing reasons, this matter is remanded for further hearing pursuant to the direction provided in this Memorandum Opinion.

**IT IS SO ORDERED**.

DATED: May 27, 2015                      /s/
                                         VICTOR B. KENTON
                                         UNITED STATES MAGISTRATE JUDGE